USCA1 Opinion

 

 [NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT] United States Court of Appeals For the First CircuitNo. 98-1582 EDGARDO MULERO SANTANA, Petitioner, v. ZOE LABOY, ADMINISTRATOR OF THE PUERTO RICO DEPARTMENT OF CORRECTIONS, Respondent. APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Raymond L. Acosta, Senior U.S. District Judge] Before Selya, Circuit Judge, Cyr, Senior Circuit Judge, and Lipez, Circuit Judge.      Teodoro Mendez Lebron on brief for petitioner. Gustavo A. Gelpi, Acting Solicitor General, Edda SerranoBlasini, Deputy Solicitor General, and Leticia Casalduc Rabell,Assistant Solicitor General, on brief for respondent.December 8, 1999  Per Curiam. Edgardo Mulero Santana ("Mulero") appeals from a dismissal of his habeas petition for failure to exhaust state remedies. We affirm the dismissal on an alternative basis. Mulero was convicted of unlawful appropriation before a Puerto Rico superior court. He contends that the Commonwealth court lacked jurisdiction to try him because, inter alia, the crime occurred in a federal post office.  Mulero raised the jurisdictional issue before the trial court, which rejected it. He raised the issue, again, before the intermediate appellate court, which also rejected it. Finally, he raised the issue in a petition for certiorari filed with the Commonwealth's highest court. That court denied the petition on the procedural ground that Mulero failed to attach certain copies of certain portions of the record, as required by local rule. Mulero sought reconsideration indicating that the failure to comply with the local rule was due to attorney error. The motion for reconsideration was denied.  Mulero argues that he has exhausted his state remedies. Specifically, he contends that although a collateral attack is technically available, further proceedings would be futile since the state courts have already resolved his claim against him. See Brown v. Allen, 344 U.S. 443, 447 (1953) (holding that a prisoner does not have "to ask the state for collateral relief, based on the same evidence and issues already decided by direct review"). Although it argued non- exhaustion below, the Commonwealth now switches gears. It argues that Mulero has exhausted state remedies but that his claim is procedurally defaulted. We are persuaded that Mulero has exhausted his claim.  However, this conclusion gains him little since the "independent and adequate state ground doctrine" applies "to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement." Coleman v. Thompson, 501 U.S. 722, 729-30 (1991). The bar obtains unless there is "cause for the default and actual prejudice" or "failure to consider the claim[] will result in a fundamental miscarriage of justice." Id. at 750. "[A] 'fundamental miscarriage of justice' is defined as an 'extraordinary instance[] when a constitutional violation probably has caused the conviction of one innocent of the crime." United States v. Barrett, 178 F.3d 34, 48 (1st Cir. 1999) (quoting McCleskey v. Zant, 499 U.S. 467, 494 (1991)). In the instant case, we conclude that the independent and adequate state ground doctrine applies, and that Mulero is procedurally barred from raising his claim in federal habeas.  The Puerto Rico Supreme Court unambiguously rested its denial of Mulero's certiorari petition on a procedural ground. Mulero conceded in the Commonwealth court that the Puerto Rico Supreme Court has been consistent in requiring strict compliance with its rules. Attorney error cannot be "cause" for excusing the procedural default, since there is no federal constitutional right to counsel on a discretionary appeal to a state supreme court. See Coleman, 501 U.S. at 753-57; Ross v. Moffit, 417 U.S. 600 (1974). Finally, there is no fundamental miscarriage of justice in holding Mulero to the procedural default since the claimed error does not relate to guilt or innocence. For the foregoing reasons, we affirm the dismissal.  See Loc. R. 27(c). In light of our reasoning, the judgment should be modified to reflect that the dismissal is with prejudice.  Affirmed as modified.